

ATTORNEYS AT LAW
777 EAST WISCONSIN AVENUE
MILWAUKEE, WI 53202-5306
414.271.2400 TEL
414.297.4900 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
414.319.7324
kjelenchick@foley.com E-MAIL

CLIENT/MATTER NUMBER
087886-0108

April 1, 2015

**Via CM/ECF**

Daniel E. O'Toole
Circuit Executive & Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington D.C. 20439

      Re:    *ABT Systems, LLC v. Emerson Electric Co.*,
              Nos. 2014-1618, -1700

Dear Mr. O'Toole:

      We represent Defendant – Cross-Appellant Emerson Electric Co. ("Emerson") in the above-captioned case, and pursuant to Federal Circuit Rule 34(c)(3), write to object to Plaintiff – Appellant's contemplated use of certain visual aids during oral argument set for April 8, 2015. The visual aids at issue are the Oral Argument Slides ("Slides") that counsel for Plaintiff – Appellant ABT Systems, LLC ("ABT") served, but did not file, on March 18, 2015. These five Slides were not used at trial. For convenience, the Slides are enclosed.

      As an initial matter, the five Slides are an improper attempt to further brief the issues on appeal. In addition, Slides 3-5 contend that Emerson failed to remove the infringing feature from its thermostats, which is contrary to the evidence presented at trial that Emerson removed this feature in October 2012. In support of its theory, ABT cites to a self-serving, post-trial declaration from its damages expert, which is not part of the record. Further, Slides 4 and 5 are inaccurate excerpts from Emerson sales reports, which were timely produced to ABT in native form, and again are not part of the record.

      Should you have any questions or need further information, please do not hesitate to contact us.

                Respectfully,

                /s/Kadie M. Jelenchick

                Kadie M. Jelenchick

Enclosure
cc:    Michael P. Mazza
       Dana Alvarado

| | | | | |
|---|---|---|---|---|
| BOSTON | JACKSONVILLE | MILWAUKEE | SAN DIEGO | TALLAHASSEE |
| BRUSSELS | LOS ANGELES | NEW YORK | SAN FRANCISCO | TAMPA |
| CHICAGO | MADISON | ORLANDO | SHANGHAI | TOKYO |
| DETROIT | MIAMI | SACRAMENTO | SILICON VALLEY | WASHINGTON, D.C. |

4810-9937-7186.1

# ABT's Oral Argument Slides

ABT Systems, LLC, *Plaintiff-Appellant*

v.

Emerson Electric Co., *Defendant Cross-Appellant*

# ABT's Marking Evidence
# Not Given To Jury After JMOL Ruling

- ABT License Agreements require marking (A5191-5192, A6572 ¶12.1, A6598 ¶12.1, A6611 ¶13.1, A6626 ¶12.1, A6640 ¶12.1, A6657 ¶12.1)

- Armin Rudd testimony shows biannual royalty reports received prior to this lawsuit (A5205:3-A5206:2, A5244:12-13); circumstantial evidence that licensees were complying with marking.

- Armin Rudd testimony shows ABT routinely policed licensee marking compliance at tradeshows, as industry consultant, by obtaining and observing marking on samples of licensed product, and by reviewing licensee product literature on the Internet (A5193-5195).

- Physical marked licensed products provided at trial (A5193, A6547-A6549)

- One minor unexcused*marking incident by Venmar (A5194-A5195, A6106:16-17, A5243:10-A5244:15)

    *RPC fixed marking error after infringement dispute (A5195:17-24)

    *Honeywell's pre-2004 sales excused as infringing; no actual evidence of any 2004-2005 sales (A6811; A5651:6-7)



**A6855 (Nakatsuno, Figs. 11(a)-(b))**

"As far as the intermittent operation of the indoor fan is concerned, the drive and stop of the indoor fan may be operatively associated with the drive and stop of the compressor as shown in FIG. 11(a) and, alternatively, the indoor fan may be operated for a length of time Δt2 a predetermined time Δt1 after the stop of the compressor shown in 11(b). **(Even in this case as a matter of course, the indoor fan is operated when the compressor is driven)**." (A6866, col. 10, lines 7-15; emphasis added).

Bold language teaches away from ABT's Patent by disclosing constant fan operation synchronous with the compressor after the single shot Δt2  (ABT Reply, 9).

# Case Timeline

**Fall, 2006:** Emerson's First Infringing Sale

**11/5/2009** Lawsuit Filing Date

**4/30/2011**

| Willful Infringement Found (A3339) [No Damages awarded due to JMOL grant on Marking] | Infringement Found (A3335-3338; A3341) [Damages Awarded based on Mr. Cromley's Fig. 8, A6763] | Infringement Found (A3335-3338; A3341) [No Damages Awarded due to district court's ruling that jury not entitled to consider Emerson's infringing sales] |

**October 2012:** Emerson says it stopped infringing by this date; contradicted by Mr. Cromley (A3385, ¶2)

**Present**

Interrogatory 2, above, are as follo[ws]

| | |
|---|---|
| 1F95-1277 | Carl Mueller, Ron |
| 1F97-1277 | Carl Mueller, Ron |
| 1F95-1280 | Bill Leise, Dave Pe |
| 1F95-1291 | Bill Leise, Dave Pe |
| 1HD-1292 | Tom Lorenz, Tim S |
| 1HD-1293 | Tom Lorenz, Tim S |
| 1F95M-1296 | Bill Leise, Carl Mu |
| 1F95M-1297 | Bill Leise, Carl Mu |

**Identified Accused Products from Emerson's Response to Interrogatory No. 17 from December 2010 (A3469)**

| | | | | |
|---|---|---|---|---|
| 1F95-1273 | 0 | $0 | 0 | |
| 1F95-1274 | 0 | $0 | 0 | |
| 1F95-1275 | 0 | $0 | 0 | |
| 1F95-1279 | 0 | $0 | 0 | |
| 1F95-1280 | 0 | $0 | 0 | |
| 1F95-1280B1 | 0 | $0 | 0 | |
| 1F95-1281 | 0 | $0 | 0 | |
| 1F95-1283 | 0 | $0 | 0 | |
| 1F95-1288 | 0 | $0 | 0 | |
| 1F95-1289 | 0 | $0 | 0 | |
| 1F95-1291 | 0 | $0 | 0 | |
| 1F95-1291B1 | 0 | $0 | 0 | |
| 1F95-1291GC | 0 | $0 | 0 | |
| 1F95-1291HM | 0 | $0 | 0 | |
| 1F95-1291PL | 0 | $0 | 0 | |
| 1F95-1291RH | 0 | $0 | 0 | |
| 1F95-1291RU | 0 | $0 | 0 | |
| 1F95-1291TE | 0 | $0 | 0 | |
| 1F95-1292 | 0 | $0 | 0 | |
| 1F95-1294 | 0 | $0 | 0 | |
| 1F95-1295 | 0 | $0 | 0 | |
| 1F95-1296 | 0 | $0 | 0 | |
| 1F95-1297 | 0 | $0 | 0 | |
| 1F95-1298 | 0 | $0 | 0 | |
| 1F95M-1295B1 | 0 | $0 | 0 | |
| 1F95M-1296 | 0 | $0 | 0 | |
| 1F95M-1297 | 0 | $0 | 0 | |
| 1F97-1211 | 0 | $0 | 0 | |
| 1F97-1212 | 0 | $0 | 0 | |
| 1F97-1213 | 0 | $0 | 0 | |
| 1F97-1214 | 0 | $0 | 0 | |
| 1F97-1273 | 0 | $0 | 0 | |
| 1F97-1281 | 0 | $0 | 0 | |
| 1F97-1282 | 0 | $0 | 0 | |
| CH-1201 / NH-1201 | 0 | $0 | 0 | |
| CH-1202 / NH-1202 | 0 | $0 | 0 | |
| CH-1202H / NH-1202H | 0 | $0 | 0 | |
| 1HD-1291B1 | 0 | $0 | 0 | |
| 1HD-1292 | 0 | $0 | 0 | |
| 1HD-1293 | 0 | $0 | 0 | |
| 1HD-1295 | 0 | $0 | 0 | |
| 1HD-1296 | 0 | $0 | 0 | |
| 1HD-1297 | 0 | $0 | 0 | |

**Emerson's Accused Products Monthly Sales (Excerpt from A3431), produced January 19, 2013**

| | | | |
|---|---|---|---|
| | | 1T9 | 90 Series T-Stats | 1F95M-1295B1 | 1 |
| | | 1T9 | 90 Series T-Stats | 1F95M-1296 | 1 |
| Interrogatory 2, above, are as follo | | 1T9 | 90 Series T-Stats | 1F95M-1297 | 1 |
| 1F95-1277 | Carl Mueller, Ron | 1T9 | 90 Series T-Stats | 1F97-1273 | 1 |
| | | 1T9 | 90 Series T-Stats | 1F97-1281 | 1 |
| 1F97-1277 | Carl Mueller, Ron | 1T9 | 90 Series T-Stats | 1HD-1291B1 | 1 |
| 1F95-1280 | Bill Leise, Dave Pe | 1T9 | 90 Series T Stats | 1HD-1292 | 1 |
| | | 1T9 | 90 Series T-Stats | 1HD-1293 | 1 |
| 1F95-1291 | Bill Leise, Dave Pe | 1T9 | 90 Series T-Stats | 1HD-1295 | 1 |
| | | 1T9 | 90 Series T-Stats | 1HD-1296 | 1 |
| 1HD-1292 | Tom Lorenz, Tim S | 1T9 | 90 Series T-Stats | 1HD-1297 | 1 |
| 1HD-1293 | Tom Lorenz, Tim S | 1T9 | 90 Series T-Stats | NH-1201 | N |
| | | 1T9 | 90 Series T-Stats | NH-1202 | N |
| 1F95M-1296 | Bill Leise, Carl Mu | 1T9 | 90 Series T-Stats | NH-1202H | N |
| | | 1T9 | 90 Series T-Stats | OH-1201 | O |
| 1F95M-1297 | Bill Leise, Carl Mu | 1T9 | 90 Series T-Stats | OH-1202 | O |
| | | 1T9 | 90 Series T-Stats | OH-1202H | O |

**Identified Accused Products from Emerson's Response to Interrogatory No. 17 from December 2010 (A3469)**

**Emerson's Accused Products Monthly Sales (Excerpt from A3391), produced January 19, 2013**

# **CERTIFICATE OF SERVICE**

      I hereby certify that on April 1, 2015, the foregoing document was electronically filed using the CM/ECF System, which will send notification of such filing to all counsel of record in this matter, including:

    Michael P. Mazza
    Dana Alvarado
    Michael P. Mazza, LLC
    686 Crescent Boulevard
    Glen Ellyn, IL 60137
    mazza@mazzallc.com
    dana@mazzallc.com

*Counsel for Plaintiff – Appellant*

                                            /s/ Kadie M. Jelenchick
                                            Kadie M. Jelenchick